Mark Edward Berry
1502 NW Studebaker Dr.
Prineville OR 97754
541-410-2318
In Pro Per

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re                                    ) CHAPTER 7 BANKRUPTCY CASE
                                         ) NO. 13-37862-rld7
MARK EDWARD BERRY,                       )
                                         )
              Plaintiff,                 ) ADV. NO.
                                         )
vs.                                      )
                                         )
ASPIRE/DEPT OF EDUCATION,                )
                                         )
              Defendant

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §523(a)(8)

Mark Edward Berry, Debtor and Plaintiff in the above captioned adversary proceeding, represents as follows:

1. Mark Edward Berry filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 23, 2013. Michael Batlan is the duly appointed Chapter 7 trustee. This complaint seeks to determine the dischargeability of a student loan as it presents an undue hardship for the debtor and his dependents.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 1

2. One of the unsecured debts owing by the Debtor and listed on Schedule F—Creditors Holding Unsecured Nonpriority Claims-- is a student loan owing to United States Department of Education/Aspire.

3. This loan was incurred to pay expenses at ITT Tech. of Portland OR, for a BS in Automation Engineering. Degree was not obtained.

## JURISDICTION

4. Defendant United States Department of Education/Aspire maintains its Direct Loan Servicing Center in Atlanta, Georgia.

5. This Court has jurisdiction over this action under 28 U.S.C. § 1334. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). This adversary complaint is brought pursuant to 11 U.S.C. § 523(a)(8).

## FIRST CAUSE OF ACTION [11 U.S.C. § 523(a)(8)]

6. Plaintiff is indebted to the Defendant in the approximate sum of $48,500.00 for education loans made by Defendant to Plaintiff.

7. Requiring Plaintiff to repay these debts will impose undue hardship on the Debtor and the Debtors dependants as contemplated under 11 U.S.C. § 523(a)(8).

8. Based upon the Plaintiff's current income and expenses, the Plaintiff cannot maintain a minimal living standard if forced to repay the loan. Plaintiff has had to defer these loans several times due to income restraints and general daily living expenses. Plaintiff is 45 years old and apparently at the top of his professional pay scale in the area which he lives. Plaintiff has not received a significant pay raise in the last six years, only cost of living. It is unlikely Plaintiff will ever be able to pay this loan in his lifetime .

repayment period and he has made a good faith effort to repay his debt.

9. The Debtor has filed for bankruptcy for reasons other than just to discharge his student loan.

WHEREFORE, the debtor asks this court to enter an

order declaring the student loans debt to be dischargeable.

Date: January 29, 2014

_____
Plaintiff: MARK EDWARD BERRY

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT — 3

| B104 (10/06) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>Mark Berry<br>1502 NW Studebaker Dr<br>Prineville OR 97754 | **DEFENDANTS**<br>ASPIRE/DEPT OF EDUCATION<br>PO BOX 530308<br>ATLANTA GA 30353-0308 | CLERK, U.S. BANKRUPTCY COURT<br>DISTRICT OF OREGON<br>**FEB - 3 2014**<br>LODGED_____ REC'D_____<br>PAID_____ DOCKETED_____ |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**NONE** | ATTORNEYS (If Known)<br>**IN PRO PER** |
|---|---|
| PARTY (Check One Box Only)<br>☒ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other | PARTY (Check One Box Only)<br>☐ Debtor ☒ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Plaintiff seeks discharge-ability of debt pursuant to 11 U.S.C.A. §523(a)(8).**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☐ 68-Dischargeability §523(a)(6), willful and malicious injury
☒ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $**48,500.00** |

Other Relief Sought

APCS-B104 (10/16/06)    Page 1 of 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Mark Edward Berry || BANKRUPTCY CASE NO.<br>13-37862-rld7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Oregon | DIVISIONAL OFFICE || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Mark E Berry* ||||
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties**. Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.